**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EL CORTE INGLES, S.A., a Spanish Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY LIGHTS, LLC, a California LLC; and MARKCHRIS INVESTMENTS, LLC, a California LLC,<br><br>        Defendants. | CASE NO. 1:19-cv-00213-AWI-JLT<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY ADJUDICATION**<br><br>(Doc. No. 20) |

## INTRODUCTION

Plaintiff El Corte Ingles, S.A. ("ECI") filed this action on February 12, 2019 alleging breach of contract against City Lights, LLC ("City Lights") and MarkChris Investments, LLC ("MarkChris" and with City Lights, "Defendants") in connection with a real estate transaction in Bakersfield, California. MarkChris alleged affirmative defenses in its Answer to the Complaint (the "MarkChris Answer"). City Lights did not do so.

ECI now moves for summary judgment on its claim for breach of contract and on the affirmative defenses set forth in the MarkChris Answer. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part, in addition to striking two of MarkChris's affirmative defenses.

## FACTUAL BACKGROUND

ECI has set forth sworn statements and documentary evidence in support of this Motion

that show the following:

On or about December 23, 2016, ECI sold real property located in a mall in Bakersfield, California to City Lights and MarkChris. Doc. No. 22 ¶ 2. The acquisition price for the property included a promissory note (the "Note") issued by Defendants to ECI in the principal amount of $208,823.50. Id. ¶ 2; Doc. No. 22-1. The Note provides for interest at 5% per annum and contains the following provisions regarding late payments:

> The undersigned and Lender agree that it is extremely difficult and impracticable to fix actual damages for failure to make payments when due; therefore, the undersigned agrees to pay as liquidated damages a late charge of four percent (4%) of any installment which does not reach Lender within five (5) business days after the due date. The late charges that accrue shall be payable on the next installment due date. Anything herein to the contrary notwithstanding, if a late charge is assessed hereunder, such amount shall not exceed the maximum amount permitted by law. Additionally, the amount of any interest payment that is not paid on or before the date which is five (5) business days after the date on which it becomes due, as set forth above, shall bear interest from said date until paid at the rate charged from time to time on the principal owing hereunder.[1]

Doc. No. 22-1.

The "Maturity Date" for the Note is defined as the date on which "[t]he full amount of all interest and principal then remaining unpaid, and any other amounts then owing [under the Note], shall be due and payable." Doc No. 22-1. The original Maturity Date for the Note was December 23, 2017, but the Note contained a provision stating that Defendants could extend the Maturity Date to June 23, 2018 by making a principal paydown of at least $25,000 on or before December 23, 2017. Doc. No. 22 ¶ 3; Doc. No. 22-1.

Defendants made a $25,000 principal payment on December 20, 2017, thereby extending the Maturity Date to June 23, 2018. Doc. No. 22 ¶ 4; Doc. No. 22-2. This $25,000 payment—which is the only payment of principal that has been made on the Note—reduced the principal balance of the Note to $183,823.50. Doc. No. 23 ¶4. At the request of Defendants, ECI later agreed to extend the Maturity Date for the Note from June 23, 2018 to December 23, 2018, as confirmed in a letter from MarkChris to ECI's attorney, Thomas McPeters. Doc. No. 22 ¶5; Doc. No. 22-3.

Defendants made monthly interest payments, as required by the Note, on the principal

---

[1] As used in the Note, the term "Lender" refers to ECI and the term "undersigned" refers to Defendants.

balance through October 28, 2018, but have not made payments on the Note of any kind since October 2018. Doc. No 22 ¶ 6; Doc. No. 22-4.

ECI calculates that the amount owed on the Note following the December 23, 2018 Maturity Date was $193,444.46, including the principal balance of $183,823.50, unpaid interest through December 23, 2018 in the amount of $2,119.38, and liquidated damages for late payments (i.e., late fees) in the amount of $7,440.17. Doc. No. 22 ¶ 8; Doc. No. 22-5. Further, ECI contends that interest on that $193,444.46 balance accrues at a rate of 5% per annum—which, according to ECI, comes to $26.50 per day—until paid. Doc. No. 22 ¶ 8. As such, ECI contends that as of October 1, 2019, the amount payable on the Note was $200,890.75. Doc. No. 22 ¶ 8; Doc. 22-5.

ECI brings a claim for breach of contract and damages based on the foregoing allegations. Doc. No. 2 ¶¶ 8-16.

City Lights admits in its Answer (the "City Lights Answer") that Defendants issued the Note, as described by ECI, and made a single $25,000 principal payment on the Note, extending the Maturity Date to June 23, 2018 and reducing the principal balance from $208,823.50 to $183,823.50. Doc. No. 6 ¶¶ 9-10 & 15; see also Doc. No. 26 at 2:20-22 (stating that "Defendant, City Lights, admits the core facts of the complaint"). City Lights did not allege any affirmative defenses in its Answer, see Doc. No. 6, and did not file an opposition to this Motion.

MarkChris, for its part, admits that a principal payment of $25,000 was made, which extended the Maturity Date to June 23, 2018.[2] Doc. No. 19 ¶ 8. MarkChris also admits that ECI later agreed to extend the Maturity Date from June 23, 2018 to December 23, 2018 and that MarkChris sent a letter to ECI confirming that agreement. Id. ¶ 11. Further, MarkChris admits that "Defendants made monthly interest payments based on the outstanding principal balance [of the Note] until 2018, when the interest payments stopped." Id. ¶ 12. MarkChris purports to allege eleven affirmative defenses in its Answer, including uncertainty, failure to state a claim, excuse, waiver, estoppel, release, accord and satisfaction, modification of contract, acts or omissions of

---

[2] The reference to "June 23, 2017" in paragraph 8 of the MarkChris Answer, Doc. No. 19 ¶ 8, appears to be a typographical error based on an identical error—stating "June 23, 2017" instead of "June 23, 2018"—in the Complaint. Doc. No. 2 ¶ 10. In any event, none of this Order depends in any part on whether June 23, 2018 was actually deemed a Maturity Date for the Note at some point.

3

third parties, failure to mitigate damages, and setoff. Doc. No. 19 at 3:5-5:5. Unlike City Lights, MarkChris filed an Opposition to ECI's Motion for Summary Judgment, but the Opposition is not supported by sworn statements or documentary evidence. See Doc. No. 25.

## **PLAINTIFF'S MOTION**

ECI contends that the undisputed facts in this case show, as a matter of law, that the Defendants breached the terms of the Note and that ECI is entitled to recover damages equaling the total amount payable on the Note (in principal, interest and liquidated damages for late payments) as of December 23, 2018 (the final Maturity Date), plus all interest accruing on that amount through the date of payment. Doc. No. 21, Part III.B. Further, ECI asserts that the eleven affirmative defenses set forth in the MarkChris Answer are unsupported by evidence and should therefore be "summarily adjudicated and dismissed." Id., Part III.C.

*Opposition to Plaintiff's Motion*

MarkChris filed an Opposition to ECI's Motion. City Lights did not. MarkChris asserts in its Opposition that the declaration submitted by ECI's attorney (the "McPeters Declaration") is the "sole evidentiary support" for the Motion and that "[n]o further, material evidence is given in support of the [Motion], either by [ECI's attorney] or by anyone else." Doc. No. 25 at 2:25-3:2. Further, MarkChris argues that the Motion must be denied as to the affirmative defenses set forth in the MarkChris Answer because ECI failed "to satisfy its threshold burden of presenting evidence which negates the[] affirmative defenses, or which shows that MarkChris lacks evidentiary support for [its] affirmative defenses." Doc. No. 25 at 3:6-9 & Part II. MarkChris did not file a declaration or any other form of evidence in connection with its Opposition.

## **SUMMARY JUDGMENT FRAMEWORK**

Summary judgment is proper when it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir.2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an

absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir.2007). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); United States v. Kapp, 564 F.3d 1103, 1114 (9th Cir.2009). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Freecycle Sunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir.2010).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by showing that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Herbert Schenk, P.C., 523 F.3d 915, 923 (9th Cir.2008); Soremekun, 509 F.3d at 984. If the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. Coomes v. Edmonds Sch. Dist. No. 15, 816 F.3d 1255, 1259 n.2 (9th Cir.2016) (quoting In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir.2010)); see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir.2008) (citation and internal alterations omitted). Where, however, a moving party fails to carry its initial burden, then "the nonmoving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir.2000).

In all events, the opposing party's evidence is to be believed, and all justifiable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Narayan v. EGL, Inc., 616

5

1  F.3d 895, 899 (9th Cir.2010). While a "justifiable inference" need not be the most likely or the
2  most persuasive inference, a "justifiable inference" must still be rational or reasonable. See
3  Narayan, 616 F.3d at 899. Summary judgment may not be granted "where divergent ultimate
4  inferences may reasonably be drawn from the undisputed facts." Fresno Motors, LLC v. Mercedes
5  Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir.2015); see also Holly D. v. Cal. Inst. of Tech., 339
6  F.3d 1158, 1175 (9th Cir.2003).

## ANALYSIS

The Court first decides the Motion as to ECI's claim for breach of contract and damages, and then evaluates issues relating to the affirmative defenses set forth in the MarkChris Answer.

### I. ECI's Claim for Breach of Contract

As set forth below, the Court finds that ECI has shown that Defendants are liable for breach of contract under the Note, but that ECI has not established that it is entitled to judgment as a matter of law with respect to damages from said breach.

#### a. Liability for Breach of Contract

To be entitled to recover for breach of contract under California law, a plaintiff must plead and prove the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal.2d 822, 830 (1968)).

Here, ECI presents sworn statements and documents showing the existence of a contract between ECI, on the one hand, and each of the Defendants, on the other, in the form of the Note. Doc. No. 23, Undisputed Material Fact ("UFM") 1. In addition to setting forth the terms and payment history of the Note, ECI presents evidence showing that ECI performed its obligations under the Note, by selling real property to Defendants, but that the Defendants breached the agreement by failing to make certain payments as to principal, interest and liquidated damages required under the Note. Doc. No. 22 ¶ 2; Doc. No. 23, UFM Nos. 1-8. Further, ECI shows that it suffered economic damages as a result of Defendants' breach in the form of these lost payments. Doc. No. 23, UMF No. 9.

City Lights filed no opposition to ECI's Motion and the City Lights Answer expressly admits that Defendants issued the Note to ECI. See Doc. No. 6 ¶ 9. Further, City Lights makes various admissions as to the terms, principal balances and maturity dates under the Note, including admissions that the original principal balance due under the Note was $208,823.50 and that the Note provided for interest at a rate of 5% per annum, as well as a 4% charge on late installment payments. Doc. No. 2 ¶¶ 9, 10, 15.

MarkChris, for its part, did file an Opposition to ECI's Motion, but it is not supported by evidence of any kind and makes no showing whatsoever as to why the Court should not credit evidence set forth by ECI. See Doc. No. 25. Further, MarkChris admits to making a principal payment in the amount of $25,000 on the Note and to making "monthly interest payments based on the outstanding principal balance until October 2018," in addition to admitting that interest payments under the Note stopped in October 2018 and that the Maturity Date of the Note was extended December 23, 2018. Doc. No. 19 ¶¶ 7-10.

In light of the evidence set forth by ECI, the admissions in Defendants' Answers, and the Defendants' failure to call any of ECI's evidence into question, the Court finds that ECI has satisfied its burden to demonstrate that there is no genuine dispute that the Note constitutes a contract between ECI and the Defendants; that ECI performed under the Note; that Defendants breached the Note by failing to make required payments; and that ECI suffered economic damages as a result of Defendants' breach. See Celotex, 477 U.S. at 323; Soremekun, 509 F.3d at 984.

The Court, therefore, GRANTS summary judgment in ECI's favor on the issue of liability on ECI's claim for breach of contract as to each of the Defendants. See Fed.R.Civ.P 56(a) (permitting summary judgment on "part of" a claim or defense); see also, Pacific Fruit Exp. Co. v. Akron, Canton & Youngstown R. Co., 524 F.2d 1025 (9th Cir.1975) (affirming summary judgment on issue of liability); KMLA Broad. Corp. v. Twentieth Century Cigarette Vendors Corp., 264 F.Supp. 35, 37 (C.D.Cal. 1967) (finding case appropriate for "partial summary judgment on the question of liability").

### b. Damages for Breach of Contract

As to the amount of damages ECI suffered as a result of the Defendants' breach of the

Note, the Court finds that the original principal balance on the Note was $208,823.50 and that Defendants made a single $25,000 principal payment on the Note on December 20, 2017, reducing the principal balance to $183,823.50. Doc. No. 23, UMF Nos. 1-4. Further, the Court finds that all interest payments due on the Note were made through October 2018, and that no payments of any kind have been made on the Note since October 2018. Id., UMF Nos. 6-7. Thus, the Court finds, as a matter of law pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, that as of November 1, 2018, the principal balance on the Note was $183,823.50. See Fed.R.Civ.P. 56(g); id., 2010 Advisory Committee Notes (stating that "the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute"). That fact is therefore established in this case. See Campbell v. Lockheed Martin Corp., 2016 WL 10654049, at *1-*2 (S.D.Cal. Mar. 28, 2016), amended on reconsideration in part, 2016 WL 1667960 (S.D.Cal. Apr. 27, 2016) (stating that Rule 56(g) allows district courts to enter an order establishing facts in a case and that such facts are not subject to trial).

As to other amounts due under the Note, the Note provides for interest on "unpaid principal … at the annual rate of five percent (5.0%) per annum" and that "[a]ll interest shall be calculated based upon a 365 day year and charged on the basis of actual days elapsed." Doc. No. 22-1. The Note also provides for "a late charge of four percent (4%) of any installment payment which does not reach Lender within five (5) business days after the due date" and states that "[t]he late charges that accrue shall be payable on the next installment due date." Id. Finally, the Note states that the "amount of any interest that is not paid on or before the date which is five (5) business days after the date on which it becomes due … shall bear interest from said date until paid at the rate charged from time to time on the principal owing hereunder." Id.

ECI explains its damages calculations as follows:

> Defendants' breach of the [] Note has caused [ECI] damages, which, based on the calculations and data at Exhibit 5 [to the McPeters Declaration, Doc. No. 22], incorporated by this reference, is made up of the principal balance, $183,823.50, plus unpaid interest through the Maturity Date, December 23, 2018, $2,119.38, plus liquidated damages of $7,440.17, resulting in a Maturity Date debt owed of $193,444.46. Since the Maturity Date, interest at 5% per annum on that $193,444.46 continues to accrue until paid at the rate of $26.50 per day. Through September 30, 2019, an additional $7,446.29 will have accrued, bringing the total outstanding balance on October 1, 2019 to $200,890.75. Interest shall continue to

accrue at the rate of $26.50 per day until paid.

Doc. No. 22 ¶ 8.

Exhibit 5 to the McPeters Declaration, as referenced in the preceding paragraph, sets forth the following table purporting to illustrate ECI's damages calculations:

**Calculation of Money Judgment Sought**

| Month | Beg. Bal. | Interest | Liquid. Dmg. | End. Bal. |
|---|---|---|---|---|
| Nov. 1, 2018 | $ 183,823.50 | $ 765.93 | $ 30.64 | $ 184,620.07 |
| Dec. 1, 2018 | $ 184,620.07 | $ 769.25 | $ 30.77 | $ 185,420.09 |
| 23-Dec-18 | $ 185,420.09 | $ 584.20 | $ 7,440.17 | $ 193,444.46 |
| 1-Oct-19 | $ 193,444.46 | $ 7,446.29 | $ - | $ 200,890.75 |

Per day Interest: $193.444.46 x.05/365     $ 26.50

Doc. No. 22-5.

The line items in this table appear to show the amounts that ECI contends were due—in principal, interest and liquidated damages (late fees)—at various points in time, including November 1, 2018 (the first payment due date after the final interest payment on the Note was made in October 2018); December 1, 2018 (the second payment due date after Defendants' final interest payment); December 23, 2018 (the operative Maturity Date of the Note on which all amounts owing on the Note came due); and October 1, 2019 (approximately the date initially set for hearing on this motion).

The first line item—pertaining to amounts due on November 1, 2018—appears to assume a principal balance of $183,823.50 in the month of October and indicates that the interest due on November 1, 2018 for the month of October (on $183,823.50 at a rate of 5% per annum) was $765.93. That November 2018 interest payment was not made, so the table assesses a late fee of $30.64 (4% of the $765.93 in interest due on November 1, 2018, as calculated by ECI). ECI then adds both of these amounts—the $765.93 interest payment that ECI calculated and the late fee of $30.64 for that missed payment—to the principal balance on the Note as of November 1, 2018 and uses that new balance ($184,620.07) in calculating the interest payment due on December 1, 2018 for the month of November (which, according to ECI, was $769.25). The December 1, 2018

9

interest payment was not made, so the table assesses a late fee for the December 1, 2018 payment in the amount of $30.77 (4% of the $769.25 interest payment, as calculated by ECI).[3] The December 1, 2018 interest payment ($769.25) and late fee ($30.77) are then added to the balance as of December 1, 2018 ($184,620.07) to get a new balance—comprising principal, interest and late fees—of $185,420.09.

As the operative Maturity Date under the Note (following two extensions), December 23, 2018 was the date on which "[t]he full amount of all interest and principal then remaining unpaid, and any other amounts owing" under the Note came due, Doc. No. 22-1, but it is undisputed that no payments of any kind were made. The entries for December 23, 2018 in the table above appear to include $584.20 in interest on a balance of $185,420.09 for the period from December 1, 2018 through December 23, 2018. Further, it appears that ECI charges a 4% late fee of $23.37 on the $584.20 interest payment, as well as a late fee of $7,416.80 on the balance as of December 23, 2018 ($185,420.09) (including principal as well as cumulative interest payments and late fees), for a total late fee for the missed December 23, 2018 payment of $7,440.17. All of that then gets added together to get a new balance of $193,444.46 following December 23, 2018. From that point forward, ECI calculates simple interest on that $193,444.46 balance in the amount of $26,50 per day, applying an interest rate of 5% per annum.

As set forth above, the Note provides for "interest on [] unpaid principal … at the annual rate of five percent (5.0%) per annum" and states that "the amount of any interest payment that is not paid on or before the date which is five (5) business days after the date on which it becomes due … shall bear interest from said date until paid at the rate charged" on principal under the Note. The Note also states: "All interest shall be calculated based upon a 365 day year and charged on the basis of actual days elapsed." Further, the Note states that the Defendants agreed "to pay as liquidated damages a late charge of four percent (4%) of any installment which does not reach

---

[3] Put a slightly different way, the $30.97 late fee for December 1, 2018 is calculated on the $769.25 interest payment supposedly due on December 1, 2018. That interest payment, in turn, was calculated on a balance of $184,620.07, which includes not only the principal balance of the Note as of November 1, 2018, but also the interest due, by ECI's calculations, on November 1, 2018, as well as the late fee assessed for missing that November 1, 2018 payment. ECI appears to use that methodology for all of its subsequent calculations. Thus, ECI's interest and late fee calculations from December 2018 onward reflect missed payments of interest and late fees for all prior periods.

10

[ECI] within five (5) business days after the due date" and that "late charges that accrue shall be payable on the next installment due date."

It is not clear, however, to what extent ECI has taken these provisions into account in its damages calculations. For example, ECI appears to charge interest on late fees starting from the due date of the missed interest payments on which they are based ("the first day of each month," per the Note), but the Note states that late fees are not incurred *until five business days after a payment is due* and that once incurred, late fees are not payable until the first day of the *following month*. Further, the Note expressly provides for charging interest on unpaid *principal* and on *interest* that is not paid on time, but it does not squarely address the question of whether interest can be charged on late fees. Similarly, ECI's calculations do not appear to take the 5-business-day grace period for interest payments into account when calculating interest on interest, and ECI appears to charge multiple late fees on the same missed interest and late fee payments, month after month. Moreover, ECI assumes, without explanation, that the Note permits it to charge a 4% late fee on *all amounts* due on the Maturity Date, including not only interest, but also late fees and principal. And, finally, ECI provides no authority or argument justifying its approach to calculating interest on principal, accrued interest and accrued late fees in the period following the December 23, 2018 Maturity Date.

The Court expresses no view on these issues here, but cannot find that ECI's damages calculations are correct, as a matter of law, based on the minimal briefing and summary tabulations filed with its Motion. As stated above, the fact that $183,823.50 in principal was due on the Note as of November 1, 2018 is established in this case. Additional briefing and a far more detailed explication of ECI's damages calculations, expressly addressing the terms of the Note and applicable law, is required for an award in excess of that amount. ECI's Motion is therefore DENIED WITHOUT PREJUDICE as to damages (aside from the Court's finding that $183,823.50 in principal was due on the Note as of November 1, 2018).

## II. **MarkChris's Affirmative Defenses**

As stated above, City Lights did not allege any affirmative defenses, but the MarkChris Answer purports to state eleven affirmative defenses: (1) uncertainty; (2) failure to state a claim;

1 (3) excuse; (4) waiver; (5) estoppel; (6) release; (7) accord and satisfaction; (8) modification of
2 contract; (9) acts or omissions of third parties; (10) failure to mitigate damages; and (11) setoff.
3 Doc. No. 19 at 3:5-5:3.

4     ECI acknowledges these as "affirmative defenses," but categorically asserts in its moving
5 papers that they "should be summarily adjudicated and dismissed" because they are unsupported
6 by evidence. Doc. No. 21 at 9:15-19. ECI also argues that MarkChris's waiver defense is
7 precluded by a provision in the Note stating that any waiver "must be made in writing," but ECI
8 does not cite evidence—or provide argument—in its moving papers specific to any of
9 MarkChris's other purported defenses. See Doc. No. 21, Part III.C.

10     MarkChris provides no evidence in support of its affirmative defenses but argues in its
11 Opposition that ECI's Motion must be denied because ECI failed to show "that MarkChris is
12 without evidence to support its affirmative defenses" and, thus, failed to shift the burden of
13 production to MarkChris. Doc. No. 25 at 4:6-9.

14     On reply, ECI argues that it "met its initial burden of production"—and thereby shifted the
15 burden to MarkChris to adduce facts in support of its affirmative defenses—in its moving papers
16 merely by "argu[ing] in its Memorandum of Points and Authorities … that MarkChris' affirmative
17 defenses lacked explanation and would be unsupported by evidence." Doc. No. 27, Part II.A. ECI
18 also offers new argument on reply specific to each of MarkChris's affirmative defenses.

19     As explained below, the Court agrees with MarkChris in the main, but also finds that the
20 putative affirmative defenses of "uncertainty" and "failure to state a claim" should be stricken
21 because they are not proper affirmative defenses and are negated by the Court's findings with
22 respect to ECI's claim for breach of contract.

23     **a. <u>Burden of Production</u>**

24     As discussed above, "a moving party without the ultimate burden of persuasion at trial []
25 may carry its initial burden of production by either of two methods" on a motion for summary
26 judgment. Nissan, 210 F.3d at 1106; see also Celotex, 477 U.S. at 325. "The moving party may
27 produce evidence negating an essential element of the nonmoving party's case, or, after suitable
28 discovery, the moving party may show that the nonmoving party does not have enough evidence

of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan, 210 F.3d at 1106.

Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. Coomes, 816 F.3d at 1259 n.2. "If a moving party fails to carry its initial burden of production," however, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion as trial." Nissan, 210 F.3d at 1102-03. "In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything." Id. at 1103; see also, Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993) ("The party opposing [a motion for summary judgment] is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.")

ECI's contention that it "met its initial burden of production" as to MarkChris's affirmative defenses is predicated entirely on a cluster of cases stating, in one form or another, that the party moving for summary judgment "need only point out" that there is an absence of evidence to support the nonmoving party's case in order to shift the burden of production to the nonmoving party where the nonmoving party has the burden of persuasion at trial. Doc. No. 27 at 3:25-4:12. In other words, ECI maintains that a mere assertion on its part that MarkChris lacks evidence to support its affirmative defenses is sufficient to meet its burden and shift the burden of production to MarkChris.

In this context, however, the term "point out" does not mean what ECI wants it to mean. As the Eleventh Circuit found in a case cited with approval by the Ninth Circuit on the question of burden-shifting in summary judgment motions, "it is never enough [for the moving party] simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991); see Nissan, 210 F.3d at 1105 ("A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence."). Rather, the moving party must make

13

"reasonable efforts, using the normal tools of discovery, to discover whether the nonmoving party has enough evidence to carry its burden of persuasion at trial" and "*point to materials on file which demonstrate that a party will not be able to meet that burden.*"[4] Nissan, 210 F.3d at 1105 (quoting Clark, 929 F.2d at 608) (emphasis added); see also, Diodem, LLC v. Lumenis Inc., 2005 WL 6220667, at *21 (C.D.Cal. Jan. 10, 2005).

Here, ECI makes a bald assertion in its moving papers that all eleven of MarkChris's affirmative defenses should be "summarily adjudicated and dismissed" because they are unsupported by evidence, in addition to arguing that MarkChris's waiver defense is precluded by a provision in the Note stating that any waiver relating to the Note must be in writing. Doc. No. 21, Part III.C. ECI's argument as to waiver, however, fails because the mere fact that the Note requires that waivers be in writing neither negates the waiver defense nor precludes the possibility that a written waiver exists. And ECI's argument (if it can be called that) as to the eleven affirmative defenses collectively fails because it is unsupported by any reference to the record in this case. See Baker v. Varitalk, Inc., 2009 WL 10654600, at *9 (C.D.Cal. Mar. 31, 2009) (finding that "general argument"—as opposed to "pointing to specific portions of the record in th[e] case"—was insufficient to meet the moving party's burden of production as to claims on which the nonmoving party had the burden of persuasion at trial).

ECI attempts to remedy the conspicuous deficiencies in its moving papers with argument specific to each of MarkChris's defenses in its Reply. Courts, however, generally will not consider new argument raised for the first time in a reply brief, see Lerma v. Arends, 2011 WL 2516173, at *5 (E.D.Cal. Jun. 22, 2011), and, in the Court's view, it would be particularly improper to do so here, given the burden-shifting framework applicable to summary judgment motions. Cf. United States v. Sierra Pac. Indus., 2012 WL 2571274, at *1–2 (E.D.Cal. July 2, 2012) (granting reconsideration where summary judgment was granted in moving party's favor based on argument raised for the first time on reply).

Thus, the Court finds that ECI failed to carry its burden of production in its moving papers and ECI's Motion is therefore DENIED as to the affirmative defenses in the MarkChris Answer.

---

14

Since discovery in this action does not close for several months and it is, thus, still possible for ECI to collect and adduce the evidence required to meet its burden as the moving party, the denial of the Motion as to MarkChris's affirmative defenses is WITHOUT PREJUDICE.

### b. Non-Affirmative Defenses

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D.Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640–41 (1980)). In other words, an affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." Roberge v. Hannah Marine Corp., 1997 WL 468330, at *3 (6th Cir.1997). "Defenses challenging elements of a plaintiff's prima facie case," by contrast, "are not appropriately characterized as affirmative defenses…." San Diego Unified Port Dist. v. Monsanto Co., 309 F.Supp.3d 854, 861 (S.D.Cal. 2018) (citations omitted); cf. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Two of the affirmative defenses set forth in the MarkChris Answer—"uncertainty" and "failure to state a claim"—merely assert defects in ECI's claim for breach of contract and, thus, are not proper affirmative defenses.[5] Moreover, the Court's findings as to ECI's claim for breach of contract obviously affirm ECI's prima facie case and moot any dispute as to the adequacy of ECI's pleading. The Court, therefore finds that MarkChris's putative "uncertainty" and "failure to

---

[5] J & J Sports Prods., Inc. v. Barwick, 2013 WL 2083123, at *4 (N.D.Cal. May 14, 2013) ("Defendant's first affirmative defense, which alleges that Plaintiff has failed to state a claim … is a denial that Plaintiff has sufficiently alleged each of the elements of Plaintiff's claim. Accordingly, Defendant's first affirmative defense is not an affirmative defense."); Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc., 2013 WL 2009681, at *3 (N.D.Cal. May 13, 2013) (finding that affirmative defense alleging that "plaintiff's claims, as pled, [were] uncertain, ambiguous and unintelligible" was "not a true affirmative defense" and striking it on that basis); Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case."); G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, at *5 (N.D.Cal. Sept. 23, 2010) (finding that an "allegation … that the Complaint [was] vague, ambitious, uncertain, and unintelligible [was] not an affirmative defense" and granting motion to strike on that basis); Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *4 (N.D.Cal. Mar. 4, 2005) (agreeing with plaintiff "that 'uncertainty' is not an affirmative defense" and granting motion to strike on that basis).

15

state a claim" defenses should be STRICKEN from the MarkChris Answer.[6] See Fed.R.Civ.P. 12(f)(1) (stating that a court "may act ... on its own" to strike affirmative defenses); see also, Perez v. Gordon & Wong Law Grp., P.C., 2012 WL 1029425, at *11 (N.D.Cal. Mar. 26, 2012) (striking defense of "failure to state a claim" on the grounds that it was "better understood as a denial of Plaintiff's allegations rather than as an affirmative defense"). Furthermore, since it is not possible for MarkChris to plead a valid affirmative defense of either "uncertainty" or "failure to state a claim," these putative defenses are stricken WITH PREJUDICE. See Rutherford v. Evans Hotels, LLC, 2019 WL 1900889, at *3 (S.D.Cal. Apr. 29, 2019).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS summary judgment in ECI's favor on the question of liability on ECI's breach of contract claim and finds that each of the Defendants is liable to ECI for breach of the Note. Further, the Court DENIES WITHOUT PREJUDICE summary judgment as to the amount of damages arising from Defendants' breach of the Note but establishes as a fact in this case that the principal balance on the Note as of November 1, 2018 was $183,823.50. Summary judgment as to the affirmative defenses in the MarkChris Answer is DENIED WITHOUT PREJUDICE, but the Court STRIKES WITH PREJUDICE the First Affirmative Defense (Uncertainty) and the Second Affirmative Defense (Failure to State a Claim) in the MarkChris Answer.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion for Summary Judgment, and in the Alternative, Motion for Partial Summary Judgment (Doc. No. 20) is GRANTED IN PART and DENIED IN PART;
2. The First Affirmative Defense and Second Affirmative Defense in the Answer of Defendant MarkChris Investments, LLC to Complaint (Doc. No. 19) are STRICKEN WITH PREJUDICE; and

---

[6] ECI also states in its moving papers that all eleven of MarkChris's affirmative defenses are "unsupported by factual allegations." Doc. No. 21 at 9:15-19. The Court notes that MarkChris has failed to allege facts in connection with the affirmative defenses set forth in its Answer but declines to assess the adequacy of MarkChris's allegations in the context of this motion for summary judgment.

16

3. This matter is referred to the magistrate judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:   December 19, 2019                     _____
                                                SENIOR DISTRICT JUDGE