1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**EASTERN DISTRICT OF CALIFORNIA**

6

7

8    EL CORTE INGLES, S.A., a Spanish
     Corporation

9                        Plaintiff,

10        vs.

11   CITY LIGHTS, LLC, a California LLC; and
     MARKCHRIS INVESTMENTS, LLC, a

12   California LLC,

13                       Defendants.

14

15

CASE NO. 1:19-cv-00213-AWI-JLT

**ORDER GRANTING PLAINTIFF'S
SECOND MOTION FOR SUMMARY
JUDGMENT OR PARTIAL SUMMARY
ADJUDICATION**

(Doc. No. 34)

16

17

18                              **INTRODUCTION**

19        El Corte Ingles, S.A. ("ECI") brought this action to recover money damages from City

20   Lights, LLC ("City Lights") and MarkChris Investments, LLC ("MarkChris" and, together with

21   CityLights, "Defendants") for breach of contract in connection with a promissory note for a real

22   estate investment. ECI first brought a motion for summary judgment on its breach of contract

23   claim and MarkChris's affirmative defenses on August 13, 2019, Doc. No. 20 ("First Summary

24   Judgment Motion"), which the Court granted in part and denied in part without prejudice. ECI

25   now brings a second motion for summary judgment as to the remaining issues in the case

26   ("Second Summary Judgment Motion"). Doc. No. 34. For the reasons set forth below, the Court

27   will strike one of MarkChris's remaining affirmative defenses with prejudice and otherwise grant

28   ECI's Second Summary Judgment Motion.

# **BACKGROUND**[1]

On or about December 23, 2016, Defendants issued a promissory note promising to pay ECI $ 208,823.50, plus interest at a rate of 5% per annum and other charges in the event of late payments (the "Promissory Note"). Doc. No. 35 ¶ 1. Defendants broke that promise and after several weeks of attempting to collect payment through other means, ECI brought suit in this Court to collect what it was owed, with a four-page Complaint alleging a single claim for breach of contract. Doc. No. 2.

City Lights and MarkChris answered the Complaint separately. City Lights denied ECI's allegations but did not assert any affirmative defenses. Doc. No. 6. When MarkChris finally got around to answering the Complaint, it asserted eleven boilerplate affirmative defenses in addition to denying ECI's allegations. Doc. No. 19.

ECI brought its First Summary Judgment Motion on August 13, 2019. Doc. No. 20. In deciding that motion, the Court found that MarkChris and City Lights were jointly and severally liable to ECI for breach of the Promissory Note and established as a fact in this case that Defendants jointly and severally owed ECI $183,823.50 in principal on the Promissory Note as of November 1, 2018, excluding interest and late charges. Doc. No. 32, Analysis, Part I. The Court was unable to determine the amounts due under the Promissory Note in interest and late charges based on the facts and arguments set forth in the First Summary Judgment Motion. Id. The Court was concerned, in particular, about some complexities relating to cumulative late charges and interest on late charges. Id.

In addition to finding that Defendants were liable to ECI for breach and owed $183,823.50 in principal alone on the Promissory Note as of November 1, 2018, the Court struck two of MarkChris's affirmative defenses. Doc. No. 32, Analysis Part II.b. The Court also found, however,

---

[1] The facts set forth here are undisputed and taken in part from ECI's Statement of Undisputed Facts in Support of Second Motion for Summary Judgment. Doc. No. 35. In violation of Local Rule 260(b) of United States District Court for the Eastern District of California – and in keeping with its general approach to this litigation – MarkChris failed to respond to ECI's statement or file a statement of its own addressing the facts of this case.

1 that, even though ECI does not have the burden of proof on MarkChris's affirmative defenses at

2 trial, ECI had failed to meet its burden as the party seeking summary judgment either to show that

3 MarkChris lacked evidence supporting its remaining affirmative defenses or to set forth evidence

4 negating those affirmative defenses. Id. Part II.a. Thus, the Court denied ECI's First Summary

5 Judgment Motion without prejudice as to nine of MarkChris's affirmative defenses. Id.

6        In this, ECI's Second Summary Judgment Motion, ECI seeks to dispense with what

7 remains of this case by reducing and simplifying its claim for money damages in connection with

8 Defendants' breach of the Promissory Note and by providing evidence that negates MarkChris's

9 affirmative defenses.

10                                        **LEGAL STANDARD**

11        Summary judgment is proper when it is demonstrated "that there is no genuine issue as to

12 any material fact and that the moving party is entitled to a judgment as a matter of law."

13 Fed.R.Civ.P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v.

14 American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir.2004). The party seeking summary

15 judgment bears the initial burden of informing the court of the basis for its motion and of

16 identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an

17 absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

18 Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir.2007).

19        Where the moving party will have the burden of proof on an issue at trial, the movant must

20 affirmatively demonstrate that no reasonable trier of fact could find other than for the movant.

21 Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an

22 issue at trial, however, the movant may prevail by presenting evidence that negates an essential

23 element of the non-moving party's claim or defense or by showing that there is an absence of

24 evidence to support an essential element of the non-moving party's claim or defense. See James

25 River Ins. Co. v. Herbert Schenk, P.C., 523 F.3d 915, 923 (9th Cir.2008); Soremekun, 509 F.3d at

26 984. If the moving party meets that burden, the burden then shifts to the non-moving party to

27 designate specific facts demonstrating the existence of genuine issues for trial. Coomes v.

28 Edmonds Sch. Dist. No. 15, 816 F.3d 1255, 1259 n.2 (9th Cir.2016) (quoting In re Oracle Corp.

1  Sec. Litig., 627 F.3d 376, 387 (9th Cir.2010)); see also, Matsushita Elec. Indus. Co. v. Zenith

2  Radio Corp., 475 U.S. 574, 586 (1986). The opposing party cannot "'rest upon the mere

3  allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific

4  facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515

5  F.3d 1019, 1030 (9th Cir.2008) (citation and internal alterations omitted).

6                                                    **ANALYSIS**

7          The Court first addresses ECI's request for summary judgment on the money damages

8  arising from Defendants' breach of the Promissory Note and then addresses MarkChris's

9  remaining affirmative defenses.

10   **I.      Damages for Breach of Contract**

11         The Court has already found that Defendants are jointly and severally liable to ECI for

12  breach of the Promissory Note, and it is an established fact in this case that Defendants owed ECI

13  $183,823.50 in principal on the Promissory Note as of November 1, 2018. Doc. No. 32, Part I.a.

14  There is no showing by either of the Defendants that any payments have been made on the

15  Promissory Note since November 1, 2018, and it is undisputed that the Promissory Note provides

16  for an interest rate of 5% per annum.  Doc. No. 35 ¶ 1. The fact that ECI has reduced its claim (for

17  purposes of this motion only) to exclude late charges—and interest on late charges—obviates the

18  issues that prevented the Court from determining the full amount of damages for breach of the

19  Promissory Note on the First Summary Judgment Motion, and the opposition does not take issue

20  with ECI's simplified and reduced damages calculation. See Doc. No. 42.

21         The Court will therefore grant ECI's motion for summary judgment as to damages for

22  Defendants' breach of the Promissory Note and finds that Defendants are jointly and severally

23  liable to ECI for damages in the amount of $183,823.50 plus simple interest on that amount at a

24  rate of 5% per annum—or $25.18 per day – starting on November 1, 2018 and continuing through

25  and including the date on which the Court's judgment in this case is entered. See Cal. Civ. Code §

26  3289, subd. (a); Northrop Corp. v. Triad Int'l Mktg., S.A., 842 F.2d 1154, 1155 (9th Cir.1988)

27  (stating that state law governs the rate of prejudgment interest). Assuming judgment is entered on

28  April 15, 2020, for example, total damages will be $197,219.26: $183,823.50 (the principal due on

1 the Promissory Note as of November 1, 2018) plus $13,395.76 (accrued simple interest at 5% per

2 annum ($25.18 / day for 532 days including both November 1, 2018 and April 15, 2020)). After

3 judgment is entered, interest will accrue on the entire amount of the judgment (including principal

4 and interest) pursuant to relevant provisions of federal law. See 28 U.S.C.A. § 1961; Northrop

5 Corp., 842 F.2d at 1155.

6 **II.  MarkChris's Remaining Affirmative Defenses**

7     As noted above, "a moving party without the ultimate burden of persuasion at trial [] may

8 carry its initial burden of production by either of two methods" on a motion for summary

9 judgment. Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1106 (9th

10 Cir.2000); see also Celotex, 477 U.S. at 325. "The moving party may produce evidence negating

11 an essential element of the nonmoving party's case, or, after suitable discovery, the moving party

12 may show that the nonmoving party does not have enough evidence of an essential element of its

13 claim or defense to carry its ultimate burden of persuasion at trial." Nissan, 210 F.3d at 1106; see

14 also High Tech Gays v. Def. Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990)

15 (citing Celotex, 477 U.S. at 331 (Brennan, J., dissenting, agreeing with the majority)). Where the

16 moving party meets its initial burden of production under one of these methods, the burden then

17 shifts to the non-moving party to designate specific facts demonstrating the existence of genuine

18 issues for trial. Coomes, 816 F.3d at 1259 n.2.

19     In deciding ECI's First Summary Judgment Motion, the Court found that, although

20 MarkChris had not alleged facts in support of its boilerplate affirmative defenses, ECI had neither

21 properly moved to dismiss MarkChris's affirmative defenses nor satisfied its initial burden of

22 production in seeking summary judgment on MarkChris's defenses. Doc. No. 32, Analysis, Part

23 II.a. ECI filed its Second Summary Judgment Motion in part to rectify the latter deficiency. As set

24 forth below, the Court finds that ECI has succeeded in doing so.

25     **a.  ECI's Evidence**

26     ECI provides two declarations and various documents in support of the instant motion.

27       *i.  The McPeters Declaration*

28     One declaration (the "McPeters Declaration") is from Thomas H. McPeters, an attorney

and the "principal representative located in the United States" for ECI. Doc. No. 38 ¶ 1. The McPeters Declaration states, in pertinent part, that ECI "never intended to waive any term of the Promissory Note" and that "[a]ll correspondence" between ECI and Defendants "during the performance of the Promissory Note was between [his] legal assistant, Lisa De Benedet, and MarkChris' managing member, Chris Hayden." Id. ¶ 10. Further, the McPeters Declaration states that ECI: "never released MarkChris from its obligations under the Promissory Note," id. ¶ 13; "never assented to an accord or compromise of MarkChris' obligations under the Promissory Note," id. ¶ 14; and "never assented to any modification of the Promissory Note." Id. ¶ 15. Further, the McPeters Declaration states that, prior to this litigation, "there was no dispute between [ECI] and MarkChris pertaining to any of the obligations under the Promissory Note," id. ¶ 14, and that "MarkChris has never asserted any claims against [ECI]." Id. ¶ 18.

### ii. The De Benedet Declaration

The second declaration (the "De Benedet Declaration") is from Lisa De Benedet. Doc. No. 39. Ms. De Benedet states that she is the legal assistant to Mr. McPeters and "the person responsible for all communications with [City Lights and MarkChris] between … June 23, 2018 and the commencement of this case." Id. ¶2. Ms. De Benedet also states that, prior to filing its Answer, MarkChris "admitted its obligation to pay the Promissory Note under its terms" and never asserted that ECI "breached the Promissory Note in any way," id. ¶ 6; that ECI "never intended to waive any term of the Promissory Note," id. ¶ 7; and that "[a]ll correspondence" between ECI and Defendants "during the performance of the Promissory Note was between [her] and MarkChris' managing member, Chris Hayden." Id. Further, the De Benedet Declaration states that: ECI "never released MarkChris from its obligations under the Promissory Note," id. ¶ 10; ECI "never assented to an accord or compromise of MarkChris' obligations under the Promissory Note," id. ¶ 11; "no accord was ever proposed" with respect to the Promissory Note, id.; "there was no dispute between [ECI] and MarkChris pertaining to any of the obligations under the Promissory Note" prior to this litigation, id.; "all correspondence between [ECI] and MarkChris reflected the agreement by both parties that all payment obligations under the Promissory Note remained owing," id.; ECI "never assented to any modification of the Promissory Note," id. ¶ 12;

and "MarkChris has never asserted any claims against [ECI]." Id. ¶ 15.

### iii. The Correspondence

Ms. De Benedet attaches various correspondence pertaining to the Promissory Note between herself and, in some instances, Mr. McPeters, on the one hand, and Mr. Hayden of MarkChris, on the other, dated between July 9, 2018 and January 23, 2019. Doc. No. 39 ¶ 5. Ms. De Benedet states in her declaration that these emails constitute "all communications" that ECI had with City Lights and MarkChris "between June 23, 2018 and the date the Complaint was filed initiating this case." Id.

Specifically, the emails (Doc. Nos. 37-1 through 37-7) include:

- a July 9, 2018 email attaching a letter from Ms. De Benedet to Mr. Hayden stating that: "[p]er the terms of the Promissory Note the maturity date [wa]s June 23, 2018"; the amount of principal due was $183,823.50; the "amount of interest due for June 1" was $579.17; the total amount due under the Promissory Note was $184,402.67"; payment was past due; and "[p]er the terms of the Note" a late fee may be charged if payment was not received within 5 days, Doc. No. 39-1;

- a July 11, 2018 memorandum from Mr. Hayden to Ms. De Benedet requesting a "six-month extension" on the loan, in addition to stating that Defendants would not further "delay paying off the loan" and would "continue paying the interest on time," Doc. No. 39-2;

- an email chain culminating in a July 11, 2018 email from Ms. De Benedet to Mr. Hayden stating that ECI would agree to a six-month extension on the Promissory Note, Doc. No. 39-3;

- a November 26, 2018 email from Ms. De Benedet to Mr. Hayden stating, in its substantive entirety: "Per the terms of the Promissory Note and Extension the maturity date is December 23, 2018. The principal amount due is $183,823.50," Doc. No. 39-4;

- a December 27, 2018 email from Ms. De Benedet to Mr. Hayden attaching wiring

7

instructions for payment of the Promissory Note, in addition to stating the total

amount of principal due was $183,823.50 and that the total amount of principal and

interest due was $185,158.07, Doc. No. 39-5;

- a January 7, 2019 email from Ms. De Benedet to Mr. Hayden seeking "the payoff"

  of the note (including "November and December Interest") and stating that the

  "payoff amount" was "15 days overdue," Doc. No. 39-6; and

- a January 23, 2019 email from Ms. De Benedet to Mr. Hayden seeking payment on

  the Promissory Note and stating that payment was "one month overdue along with

  interest for November, December and January." Doc. No. 39-7.

    *iv.   The Interest Checks*

Mr. McPeters attaches numerous checks to his declaration showing interest payments by

MarkChris on the Promissory Note for each month from and including January 2017 through and

including October 2018. Doc. No. 38-4.

### b.  **The Parties' Arguments**

ECI contends that the facts set forth in the McPeters Declaration and the De Benedet

Declaration, as well as communications and payments relating to the Promissory Note, negate

MarkChris' remaining affirmative defenses. Doc. No. 36, Part III.

MarkChris, for its part, again provides no evidence in support of its affirmative defenses

but contends that "[t]he evidence presented by [ECI] which actually bears on [MarkChris's]

affirmative defenses is almost wholly inadmissible, conclusory evidence" and that "the small

portion of evidence that may be admissible in the form of some emails certainly does not establish

that there is no genuine issue of material facts regarding each of the affirmative defenses." Doc.

No. 42 at 3:19-23.

### c.  **MarkChris's Evidentiary Objections**

As set forth below, the Court finds that MarkChris's evidentiary objections are either

without merit or irrelevant to the disposition of this motion.

MarkChris's "Objection No. 1" under Federal Rules of Evidence 602 and 701, Doc. No. 41

at 2:7-13, is overruled because ECI has set forth facts showing that Mr. McPeters and Ms. De

Benedet have personal knowledge of Defendants' conduct with respect to the Promissory Note to the extent such conduct touched ECI. Thus, Mr. McPeters and Ms. De Benedet are competent to provide statements—as a matter of fact, not opinion—as to what assertions Defendants made to ECI regarding the Promissory Note. The statements that "Plaintiff owed no obligations to MarkChris under the Promissory Note" and "breached no obligations to MarkChris under the Promissory Note" may be conclusory, but MarkChris does not object to them on that basis and, in any event, the Court did not consider them in deciding this motion.

MarkChris's "Objection No. 2" under Federal Rules of Evidence 602 and 701, Doc. No. 41 at 2:15-24, is overruled because Mr. McPeters and Ms. De Benedet are both competent to provide statements as to whether ECI ever decided to forego rights under a given term of the Promissory Note and knowledge of such a decision involves fact not opinion. Further, MarkChris's objections to statements regarding "communications" between ECI and Defendants are irrelevant since the Court reviewed the communications directly and did not rely on characterizations of the communications set forth in the declarations.

MarkChris's "Objection No. 3," Doc. No. 41 at 2:25-3:8, is irrelevant because the Court did not consider any of the statements at issue in deciding this motion.

"Objection No. 4" under Federal Rules of Evidence 602 and 701, Doc. No. 41 at 3:9-14, is overruled because ECI has set forth facts showing that Mr. McPeters and Ms. De Benedet have personal knowledge of actions taken by ECI vis-à-vis Defendants in connection with the Promissory Note and, in context, the statement that "Plaintiff never released MarkChris from its obligations under the Promissory Note" self-evidently constitutes a factual assertion that ECI did not convey to Defendants that they were excused from performance as to one or more terms of the Promissory Note. It does not convey an opinion or conclusion as to what constitutes "release."

"Objection No. 5" and "Objection No. 6" under Federal Rules of Evidence 602 and 701, Doc. No. 41 at 3:15 – 4:1, are overruled because ECI has set forth facts showing that Mr. McPeters and Ms. De Benedet have personal knowledge of actions taken by ECI vis-à-vis Defendants in connection with the Promissory Note and are therefore competent to provide statements, as matters of fact, as to whether ECI engaged in communications or other acts that

1 involved modifying or creating a substitute for the Promissory Note. The Court did not rely upon

2 the statement that "Plaintiff received no payment or other compensation from MarkChris that

3 remotely could be considered a satisfaction of an accord" in deciding this motion, and

4 MarkChris's objection to that statement is therefore irrelevant.

5       "Objection No. 7," "Objection No. 8," and "Objection No. 9," Doc. No 41 at 4:2-22,

6 similarly, are irrelevant because the Court did not rely on any of the statements in question in

7 deciding this motion.

8       **d. <u>Analysis</u>**

9       In light of the foregoing rulings with respect to MarkChris's evidentiary objections, the

10 Court finds as follows with respect to MarkChris's remaining affirmative defenses:

11       *i. Affirmative Defense of Excuse*

12       MarkChris's Third Affirmative Defense is that "MarkChris performed all conditions and

13 covenants required to be performed on its part under the [Promissory Note], until further

14 performance was discharged by Plaintiff's breaches of contract." Doc. No. 19 at 3:13-18.

15       In the transaction at issue in this case, however, MarkChris and City Lights provided ECI

16 with the Promissory Note in exchange for financing. <u>See</u> Doc. No. 2-1. The first line of the

17 Promissory Note reads:

18
19     FOR VALUE RECEIVED, the undersigned hereby promises to pay to the order of
El Corte Ingeles, S.A. … the sum of Two Hundred Eight Thousand Eight Hundred
Twenty-Three and 40/100 Dollars ($208,823.50), with interest on the unpaid
principal … at the annual rate of five percent (5.0%) per annum.

20

21     Doc. No. 2-1, page 2 of 4.

22 Thus, the Promissory Note itself evidences the fact that ECI rendered its performance up front,

23 prior to or concurrent with issuance of the Promissory Note, and the Promissory Note pertains

24 solely to the Defendants' continuing obligations with respect to repayment over time. Indeed,

25 Defendants are the only signatories to the Promissory Note. Doc. No. 2-1, page 4 of 4.

26       Moreover, the Promissory Note expressly states that "no failure or delay by [ECI] in acting

27 with respect to the terms of th[e] Promissory Note shall constitute a waiver of any breach, default,

28 or failure of condition under th[e] Promissory Note," Doc. No. 2-1, page 3 of 4, and emails and

1  checks furnished by ECI in support of this motion show that Defendants did not dispute their

2  obligations with respect to payment of principal and interest under the Promissory Note. <u>See</u> Doc.

3  Nos. 39-1 through 39-7; Doc. No. 38-4.

4        This evidence negates MarkChris's breach defense and shifts the burden to MarkChris, as

5  the party with the burden of proof, to adduce evidence justifying trial on this defense. <u>See</u>

6  <u>Coomes</u>, 816 F.3d at 1259 n.2. MarkChris has not lifted a finger to do so, and ECI is therefore

7  entitled to summary judgment in its favor on MarkChris's Third Affirmative Defense of excuse.

8              *ii.  Affirmative Defenses of Waiver, Estoppel, Release, Accord and Satisfaction,*

9                   *and Modification of Contract*

10       The Promissory Note states that a "waiver of any term of this Promissory Note must be

11  made in writing and shall be limited to the express written terms of such waiver" and that "[n]o

12  previous waiver … shall constitute a waiver of any breach, default, or failure of condition under

13  this Promissory Note." Doc. No. 2-1, page 3 of 4. Further, ECI has provided sworn statements

14  from two witnesses who represented ECI in connection with the Promissory Note stating that the

15  one and only modification that was made to the Promissory Note in the course of performance was

16  an extension of the maturity date. <u>See</u> Doc. Nos. 38 & 39. Authenticated emails, moreover, show

17  that ECI at all times insisted on full repayment (including principal, interest and late fees) under

18  the Promissory Note and that MarkChris did not take issue with any of the amounts demanded by

19  ECI. Doc. Nos. 39-1 through 39-7. And cancelled checks provided by ECI in support of this

20  motion show that MarkChris continued to make interest payments as required under the

21  Promissory Note through at least October 2018. Doc. No. 38-4.

22       This evidence negates MarkChris's waiver, estoppel, release, accord and satisfaction, and

23  modification of contract defenses—all of which require a showing that the parties reworked the

24  Promissory Note in some fashion to eliminate, reduce or otherwise alter Defendants' obligations

25  under the Promissory Note—and shifts the burden to MarkChris, in each instance, to make an

26  evidentiary showing that justifies taking these affirmative defenses to trial. <u>See</u> <u>Coomes</u>, 816 F.3d

27  at 1259 n.2. MarkChris has done nothing at all to address those burdens, and ECI is therefore

28  entitled to summary judgment in its favor on MarkChris's Fourth, Fifth, Sixth, Seventh and Eighth

Affirmative Defenses.

### iii. *Affirmative Defense of Acts or Omissions of Third Parties*

MarkChris's Ninth Affirmative Defense is that "[t]he alleged injuries and damages, if any, sustained by [ECI] were proximately caused and contributed to by the acts and omission of third parties, thereby relieving MarkChris of any liability." Doc. No. 19 ¶ 20. As indicated by the references to proximate cause and contribution in this pleading, such a defense lends itself to tort. The Court cannot readily find an instance in which an "acts or omissions of third parties" defense has been applied to a claim for breach of contract like the one at bar. And particularly given the lack of factual allegations in MarkChris's Answer and the lack of relevant argument in MarkChris's briefing, the Court cannot see how such a defense applies here. Cf. Fresno Air Service v. Wood, 232 Cal.App.2d 801, 807 (1965) (finding that contributory negligence is not a defense to breach of contract).

The Court therefore strikes MarkChris's Ninth Affirmative Defense for "acts or omissions of third parties" on its own motion. See Fed.R.Civ.P. 12(f)(1) (stating that a court "may act ... on its own" to strike affirmative defenses).

### iv. *Affirmative Defense of Failure to Mitigate Damages*

In the context of claims for breach of contract, a plaintiff has a "duty to mitigate"—to use that term loosely—in the sense that a plaintiff may not recover "[d]amages which the plaintiff might have avoided with reasonable effort without undue risk, expense, burden, or humiliation." 24 Williston on Contracts § 64:31 (4th ed.) (citing Gagne v. Bertran, 43 Cal. 2d 481, 491 (1954)); see also, Restatement (Second) of Contracts § 350, comment b. (1981) ("As a general rule, a party cannot recover damages for loss that he could have avoided by reasonable efforts.")

As ECI points out, however, this "doctrine is used sparingly in the contract or commercial context," Valle de Oro Bank v. Gamboa, 26 Cal. App. 4th 1686, 1694 (1994) (holding it was error to allow jury to consider and apply doctrine of mitigation of damages to defeat a bank's right to recover unpaid balances), and the California Supreme Court long ago cast doubt on its applicability where a set sum of money is owed. See Vitagraph, Inc. v. Liberty Theatres Co., 197 Cal. 694, 698-

99 (1925) ("No case has been called to our attention wherein this rule as to the duty to minimize the damages has been applied to a situation in which the defendant's breach of duty consisted solely of the failure or refusal to pay a liquidated sum of money when due, and it may perhaps be doubted that the rule is applicable to such a case.")

Moreover, even assuming the mitigation of damages doctrine somehow applies here, ECI has set forth evidence showing that it seeks nothing more than the amounts Defendants agreed to pay under the terms of the Promissory Note and that it is not seeking to recover losses that could have been avoided or reduced through any action on ECI's part. Indeed, ECI has agreed to take less than it is entitled to receive under the Promissory Note for purposes of resolving this motion and the record shows that, if anything, ECI affirmatively took steps to avoid losses by extending the maturity date and giving Defendants' additional time to pay the required principal.

MarkChris makes no showing at all as to how ECI might have exacerbated—or failed to minimize—its losses, and, thus, ECI is entitled to summary judgment in its favor on MarkChris's Tenth Affirmative Defense of failure to mitigate damages.

*v.   Affirmative Defense of Set Off*

MarkChris alleges, as its Eleventh Affirmative Defense, that it "is entitled to set off the damages which it has suffered against any compensation due to [ECI.]" Doc. No. 19 ¶ 22. MarkChris brings no claims against ECI in this action, however, and ECI has set forth sworn statements that MarkChris did not assert a claim against ECI prior to the commencement of this action in connection with the Promissory Note or otherwise. See Doc. Nos. 38 and 39. This negates the set off defense and MarkChris has failed to do anything in the way of carrying his consequent evidentiary burden. See Coomes, 816 F.3d at 1259 n.2. ECI is therefore entitled to summary judgment in its favor on MarkChris's Eleventh Affirmative Defense of set off.

**SUMMARY AND CONCLUSION**

In the Order on ECI's First Summary Judgment Motion, the Court found that Defendants MarkChris and City Lights were jointly and severally liable to ECI for breach of the Promissory Note. Doc. No. 32, Part III. Further, the Court established as a fact in this case that Defendants jointly and severally owed ECI $183,823.50 in principal under the Promissory Note as of

November 1, 2018. Id. Here, the Court finds that ECI is entitled to collect simple interest at a rate of 5% per annum on that principal for the period from and including November 1, 2018 through and including the date on which judgment in this action is entered. Assuming judgment is entered on April 15, 2020, for example, ECI would be entitled to damages in the amount $197,219.26. To the extent the date on which judgment is entered differs from April 15, 2020, the amount of money damages shall be adjusted accordingly in increments of $25.18 per day. Following entry of judgment, the full amount of the judgment, including all principal and interest, will be subject to post-judgment interest pursuant to applicable federal law.

As to MarkChris's putative affirmative defenses, the Court struck MarkChris's First Affirmative Defense of uncertainty and Second Affirmative Defense of failure to state a claim in its Order on ECI's First Summary Judgment Motion. Doc. No. 32, Part III. Here, the Court strikes MarkChris's Ninth Affirmative Defense of acts and omissions of third parties with prejudice and grants summary judgment in ECI's favor on all of MarkChris's other affirmative defenses.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant MarkChris's Ninth Affirmative Defense of acts and omissions of third parties (Doc. No. 19) is STRICKEN WITH PREJUDICE;

2. Plaintiff ECI's Second Motion for Summary Judgment (Doc. No. 34) is GRANTED in all other respects; and

3. The Clerk of the Court is DIRECTED to enter judgment for Plaintiff.

IT IS SO ORDERED.

Dated:   April 14, 2020    _____

SENIOR  DISTRICT  JUDGE